Smith *v.* Crutcher.

A petition for a reargument was filed by the counsel for the appellees in this case, but the court refused a reargument.

---

## ROBERT SMITH *v.* HENRY L. CRUTCHER.

It is settled that where the maker and indorser of a promissory note are sued, under the statute, in the same action, and all the parties are served with process, it would be error to dismiss as to the makers, and proceed to judgment against the indorser.

The statute requires that the makers and indorsers should be sued in a joint action, if living, and within the jurisdiction of the State; but if service of process cannot be had upon the maker of the note sued on, the suit may be discontinued as to the maker, and may proceed against the indorser.

It has heretofore been settled by this court, that if, during the pendency of an action against the makers of a promissory note, one of them die before judgment, it is regular and proper to revive against the representatives of such decedent, and judgment may be rendered jointly against such representatives and the surviving maker:— *Held*, that the suit should have been revived against R.'s representatives, and continued jointly with the other defendant.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The facts are contained in the opinion of the court.

*Lawson* for appellant.

Henry L. Crutcher brought suit in the circuit court of Madison county against Wright Chumney and Thomas Richards, as makers, and Robert Smith, the appellee, as indorser, of a promissory note. The summons issued in the cause was served on one of the makers, Richards, and the indorser Smith. Richards pleaded the statute of limitation. His death was suggested, but no abatement entered. The plaintiff then dismissed his suit as to both makers, and took judgment by default against the indorser, who brings the cause into this court by writ of error. The plaintiff, under the statute of 1837, cannot dismiss as to the makers, and take judgment against the indorser. If

he do so it will be error. 5 How. R. 411; 2 S. & M. 512; 5 Ib. 149.

The death of one of the makers cannot change the rule established by the above decisions, as the plaintiff may, after the death of one of the defendants, bring in his representatives, and take judgment in one and the same suit against the representatives of the deceased and surviving maker, or indorser, in the same action. *Henderson* v. *Talbert,* 5 S. & M. 109; *Woodhouse* v. *Lee,* 6 Ib. 161.

Upon the above authorities it appears to us that the judgment ought to be reversed.

*Singleton* for appellee.

Mr. Chief Justice SMITH delivered the opinion of the court.

The appellee brought suit against Chumney and Richards, the makers, and the appellant, the indorser, of a promissory note. The writ was served upon Richards and the appellant, and as to Chumney it was returned not found. Richards, at the appearance term, entered his appearance and pleaded the statute of limitations. At the preceding term the death of Richards was suggested, and the cause was continued. The appellant failed to plead, and no further order having been taken in regard to Richards, the suit was dismissed as to him, and judgment by default final was entered against the appellant.

It is settled, that where the makers and indorser of a promissory note are sued, under the statute, in a joint action, and when all of the parties are served with process, it would be error to dismiss as to the makers, and proceed to judgment against the indorser. It has, however, never been denied, that if, in a case of this character, process could not be served upon the maker of a note, it would not be erroneous to discontinue as to him, and proceed against the indorser alone.

The statute requires that all the parties to a note, whether makers or indorsers, should be sued in a joint action, if living, and within the jurisdiction of the State. Hence, if the plaintiff would not have the right, in a case where service of the process could not be had upon the maker of the note, to discontinue as

to such maker, and to proceed with the suit against the indorser, he would be effectually prevented from recovering against any party to the suit. This rule, if applied in all cases, would defeat the purposes of justice, and should not, therefore, be adopted, unless the statute would not admit of a construction more conformable to sound policy and justice. Neither the spirit of the act nor its express provisions would authorize such an interpretation. We are of opinion, therefore, that there was no error in discontinuing the cause as to Chumney.

The suggestion of the death of Richards entered of record, was doubtless sufficient evidence of the fact of his death to authorize a dismissal as to him, if it were regular and proper, under the provisions of the statute in regard to the bringing of suits against the indorsers of promissory notes, to do so.

It has been holden in several cases by this court, and it may now be considered settled, that in an action against the makers of a promissory note, if one of them dies pending the suit, and before judgment, it is regular and proper to revive against the representatives of such decedent, and to proceed with the suit thus revived against such representatives and the survivors jointly; and that a joint judgment may accordingly be rendered against them. 5 S. & M. 109; 6 Ib. 161. According to this rule the suit ought to have been revived against Richards's representatives, and judgment had against them.

It was the manifest intention of the statute, as construed by this court, not only to prevent the multiplicity of suits, by compelling the makers and indorsers of promissory notes to be sued in the same action, but to subject the property of the makers and principals in the first place to the payment of the demand, before resort could be had to the property of sureties and indorsers.

Upon this view of the statute it was clearly the duty of the appellee to take the necessary steps for a revival of the suit against the representatives of Richards, so that his estate might in the first place be subjected to the payment of the appellee's demand. Otherwise the appellant would be compelled to pay the debt, and be driven to an action against Richards's representatives, to recover back the money so paid by him. For

these reasons we think there was error in discontinuing the suit as to Richards, and entering up judgment against the appellant.

Let the judgment be reversed, and the cause remanded for further proceedings, in accordance with this opinion.